UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID DEAL | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. |
|  | ) |
| AT&T, INC. and 15 JOHN DOE TERRORISTS, | ) |
|  | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, AT&T Inc. ("Defendant") hereby gives notice of the removal of this action, which is currently pending in the Massachusetts Superior Court in Plymouth County, to the United States District Court for the District of Massachusetts, captioned David Deal v. AT&T, Inc. and 15 John Doe Terrorists, Civil Action No. 2183CV01041.

The Defendant submits that removal is appropriate on the basis of diversity jurisdiction where there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

1. On or about December 31, 2021, David Deal ("Plaintiff") filed a Complaint in the Massachusetts Superior Court for Plymouth County naming the Defendant and 15 John Doe Terrorists as defendants (the "Complaint").

2. The Plaintiff's Complaint alleges, as the Defendant understands it, that the so-called 15 John Doe Terrorists' use of surveillance devices has increased the power density and radiofrequency radiation in various parts of southeastern Massachusetts where the Plaintiff lives. Complaint at page 1, ¶ 4 and page 12, "Case against 15 Terrorists."

3. Plaintiff seeks to hold Defendant responsible for the harm allegedly caused by the unidentified 15 John Doe Terrorists' actions. Complaint page 13, "Case against AT&T."

4. By fax dated February 14, 2022 addressed and sent to AT&T Mobility LLC, the Plaintiff forwarded copies of his Complaint and a Summons.[1]

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely in that it is filed within 30 days from the date that the Defendant received a copy of the Complaint. See 28 U.S.C. § 1446(b); Novak v. Bank of N.Y. Mellon Trust Co., N.A., 783 F.3d 910, 913 (1st Cir. 2015) (recognizing defendant may remove state action to federal court before formal service on defendant).

## DIVERSITY JURISDICTION

I. **Diversity of Citizenship**

6. Complete diversity of citizenship exists in this matter because the Plaintiff and Defendant are citizens of different states. See 28 U.S.C. § 1332(a)(1).

7. Plaintiff identifies his residential address as 30 Loring Boulevard in Plymouth, Massachusetts. Complaint at page 1, ¶ 1. Plaintiff is therefore a citizen of Massachusetts for diversity purposes.

---

[1] The Defendant notes that the Plaintiff's fax to AT&T Mobility LLC does not constitute proper service on the Defendant under Rule 4 of the Massachusetts Rules of Civil Procedure, but having received the copies faxed by Plaintiff, Defendant is willing to waive the lack of formal service.

8. The Defendant is a Delaware company with its principal and only place of business located in Dallas, Texas. The Defendant is therefore a citizen of Delaware and Texas for diversity purposes. See 28 U.S.C. § 1332(c)(1).

9. Potential citizenships of the unidentified and non-served, so-called "15 John Doe Terrorists" referenced in the Complaint are disregarded for the purposes of determining diversity of citizenship. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

10. There is complete diversity between the parties to this action because Plaintiff is a citizen of Massachusetts and the Defendant is a citizen of different states, namely, Delaware and Texas. See 28 U.S.C. § 1332(a)(1).

**II.     Amount in Controversy**

11. Based on the Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12. Specifically, Plaintiff alleges that he has been subjected to "torture[,] loss of privacy[,] and intimidation" in connection with the high power density and radiofrequency radiation in his neighborhood. Complaint at pages 1-9. He claims that he is entitled to damages in the amount of $150,000,000, substantially exceeding the $75,000 amount necessary to establish diversity jurisdiction. Id.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

13. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Defendant is filing this Notice of Removal in the Federal District Court for the district within which the state court Complaint was filed.

14. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendants are required to obtain the consent of "all defendants who have been properly joined and served." However, the consent of the 15 John Doe Terrorists is not necessary in order to remove this action from the Superior Court. See Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where … a non-joining defendant is an unknown or nominal party.").

15. Pursuant to 28 U.S.C. § 1446(a), the Defendant attaches all process, pleadings and orders that have been filed, served or received by the Defendants in this action as Exhibit 1.

16. The Defendant will provide written notice of the filing of its Notice of Removal to the Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Plymouth County, as required by 28 U.S.C. § 1446(d).

17. In removing this action, the Defendant does not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

18. Based upon the record submitted with this Notice, this Court has jurisdiction over the Plaintiff's claims and the Complaint is properly removed to this Court.

**WHEREFORE**, the Defendant respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Steven M. Cowley*
Steven M. Cowley - BBO #554534
Elizabeth J. Fegreus - BBO #694514
100 High Street, Suite 2400
Boston, MA 02110
Tel.: 857-488-4200
Fax: 857-488-4201
smcowley@duanemorris.com
efegreus@duanemorris.com

Dated: March 8, 2022

## CERTIFICATE OF SERVICE

I, Steven M. Cowley, hereby certify that the foregoing *Notice of Removal*, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent out to those indicated as non-registered participants on this 8th day of March, 2022.

By: */s/ Steven M. Cowley*
Steven M. Cowley